HON. WALTER J. RELIHAN, JR. Counsel and Vice Chancellor for Legal Affairs State University of New York
 This is in reply to your request for my opinion as to whether or not the ex officio student member of the Board of Trustees (of the State University of New York) is authorized to move a resolution to a vote or to second a resolution moved by another member of the Board.
 Chapter 587 of the Laws of 1975 amended the Education Law, § 353(1) by providing for a non-voting student member of the Board of Trustees of the State University. The student member of the Board of Trustees serves ex officio by virtue of his being the president of the student assembly of the State University. Education Law, § 353(1), as amended, further provided that the student member serve as a non-voting member of the Board.
 In a previous opinion to you of November 25, 1975, I concluded that the student member of the Board of Trustees of the State University was not a public officer as defined in Public Officers Law, § 2, based upon the fact that as a non-voting member, the student did not exercise a portion of the sovereign power.
 The Board of Trustees of the State University of New York, in the exercise of the powers conferred by the Education Law, takes its official actions by the adoption of resolutions encompassing the action or actions proposed to be taken or authorized by the Board. In considering the adoption of resolutions, the Board of Trustees generally utilizes commonly accepted rules of parliamentary procedures. For example, a member of the Board moves the proposed resolution, it is seconded, and the matter is submitted to the Board for its deliberation and vote. Thus, the making and seconding of motions bringing resolutions before the Board for formal action are a part of the legislative process by which the Board acts. The making of a motion or seconding thereof is in the nature of a vote in favor of formal consideration by the Board and the proposed resolution (see, for example, Roberts Rules of Order, Newly Revised, Section 4). Moving a resolution or seconding a resolution is, in fact, a procedural vote which constitutes official procedural action of the Board of Trustees, since whatever action is taken on the resolution so proposed and its ultimate disposition is a formal action of the Board, regardless of whether the resolution proposed is adopted by the Board or not.
 This being the case and in view of the fact that the student member of the Board of Trustees of the State University is specifically denied the power to vote on matters coming before the Board, I conclude that the student member of the Board of Trustees is not authorized to either move or second resolutions coming before the Board for official action.